a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RONALD E. WILLIAMS #403681,<br>Plaintiff | CIVIL DOCKET NO. 5:21-CV-00768<br>SEC P |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| STATE OF LOUISIANA,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) filed by *pro se* Petitioner Ronald E. Williams ("Williams"). ECF Nos. 1, 5. Williams is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary. Williams challenges his armed robbery conviction in the First Judicial District Court, Caddo Parish, Case No. 205,711. ECF No. 5.

Because Williams's request for authorization to file a second or successive § 2254 Petition is pending in the United States Court of Appeals for the Fifth Circuit, this Petition should be DISMISSED without prejudice.

I.     Factual Background

Williams was convicted of armed robbery with the use of a firearm in two separate cases—Docket Nos. 205,611 and 205,771 in Caddo Parish, Louisiana. Williams was adjudicated a second felony offender. *State v. Williams*, 34,369 (La. App. 2 Cir. 2/28/01), 781 So.2d 673; *State v. Williams*, 34,370 (La. App. 2 Cir. 2/28/01),

781 So.2d 682.  Although the cases were tried on the merits separately, the habitual offender adjudications and sentencings were combined.  *Id.*  Williams's convictions and sentences were affirmed on appeal, and Williams did not seek further review in the Louisiana Supreme Court.

Williams filed several applications for post-conviction relief in both criminal cases.  *See Williams v. Warden,* 5:18-CV-1339, ECF Nos. 14-4 at 2-8, 227-28; 14-5 at 94-102, 112-126, 192-95, 229-37; 14-6 at 122-26; 14-8 at 93-102; 14-9 at 130-37.

Williams filed a § 2254 petition challenging the conviction and sentence in Docket No. 205,771.  *Williams v. Cain,* Docket No. 5:15-cv-0272.  Williams claimed that, in response to a public records request, he received a police report reflecting that the victim identified another person as the offender during a photographic lineup.  The application was denied as untimely.  *Id.* at ECF No. 22.  Williams's motion for certificate of appealability was denied by the United States Court of Appeals for the Fifth Circuit.  *Williams v. Cain,* Docket No. 18-30384 (5th Cir. 11/2/18).

Williams also filed a § 2254 petition challenging the conviction and sentence in Docket No. 205,611.  *Williams v. Vannoy*, 5:18-CV-1139 (W.D. La.).  That petition was also denied and dismissed.  *Id.* at ECF No. 19.

In 2019, Williams filed a new application for post-conviction relief claiming that in October 2018, he received an affidavit in the mail from an eyewitness, M.C. Mosely, stating that "the assistant district attorney coached and put him and his two (2) friends under duress to falsely accuse [Williams] of [the crime]."  ECF No. 5 at 5-6.  The application was denied.  Williams sought appellate review.  The Louisiana

Supreme Court denied the writ application because the application was successive, and Williams failed to show that any exception permitted a successive filing in his case. *State v. Williams*, 2019-01293 (La. 8/14/20), 300 So.3d 825.

However, Justice Johnson would have granted the writ for the following reasons:

> On March 20, 2000, Mr. Williams was convicted of armed robbery at a brief bench trial.[1] The evidence against him was eyewitness identification testimony by Israel Edwards (the victim), and the victim's two friends, Aurelius Wright and M.C. Mosley. The trial court found Mr. Williams guilty and sentenced him to 65 years in prison without parole, probation or suspension of sentence.
>
> Defendant's prior post-conviction efforts have highlighted discrepancies between the eyewitnesses' initial statements to police and their trial testimony. These discrepancies were not heard at trial and he has raised them—variously—as violations of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959).[2]
>
> This defendant has again challenged his conviction with the benefit of a new affidavit from eyewitness Mosley, which alleges an assistant district attorney pressured him into identifying Williams as the perpetrator. The combined effect of the material discrepancies brought to the courts' attention by the defendant over the years implicates violations of due process in the defendant's conviction. Although the defendant's prior piecemeal litigation may have obscured the issue for previous reviewing courts, the defendant was convicted by a judge who did not hear the discrepancies between the witnesses' trial testimony and their original statements, any possible motivations provided by the prosecutor to the witnesses as suggested in the most recent filing, and the discrepancy between the police officer's testimony and the original police reports. No matter whether this favorable information was omitted from trial because of defense counsel's failures, the State's violation of Brady, or a combination of both, the effect on Mr. Williams' trial was that the convicting court did not have all of the relevant information regarding the strength of the State's evidence when it found

---

[1] His trial spans only 51 pages of transcript, 38 of which are witness testimony.
[2] The record indicates that evidence of the discrepancies may actually have been omitted from trial due to the failures of trial counsel.

> Mr. Williams guilty. As such, I would remand to the trial court with instructions to appoint counsel for Mr. Williams for an evidentiary hearing at which the trial court should take witness testimony and assess the cumulative effect that the omission of all the favorable evidence had on the fairness of Mr. Williams' trial. If the trial court finds that, in light of all the evidence, we cannot be confident in the outcome of his trial, it should vacate his conviction and order a new trial.

*Id.* at 825-26.

Williams applied for rehearing, but the application was not considered. *State v. Williams*, 2019-01293 (La. 12/8/20), 305 So.3d 869, 870. Justice Johnson noted that she would grant reconsideration, again assigning reasons:

> I would grant the application for reconsideration for the reasons previously assigned. Favorable information was omitted from Mr. Williams' trial and the convicting court did not have all of the relevant information regarding the strength of the State's evidence when it found Mr. Williams guilty. As such, I would grant re-consideration, grant the writ and remand to the trial court with instructions to appoint counsel for Mr. Williams for an evidentiary hearing at which the trial court should take witness testimony and assess the cumulative effect that the omission of all the favorable evidence had on the fairness of Mr. Williams' trial. If the trial court finds that, in light of all the evidence, we cannot be confident in the outcome of his trial, it should vacate his conviction and order a new trial.

*Id.*

Williams claims that the affidavit of witness Mosely establishes prosecutorial misconduct by suborning perjury and proves his actual innocence of the crime. ECF No. 5. Williams also claims that he was denied his right to trial by jury. *Id.*

According to Fifth Circuit's records, Williams filed an application for authorization to file a second or successive § 2254 Petition on May 4, 2021. In Re: *Ronald Earl Williams*, No. 21-30243 (5th Cir.). In evaluating Williams's request, the Fifth Circuit determined:

4

> Williams has not filed the affidavit in this court but filed it in a prior state habeas proceeding. *See State v. Williams*, 300 So.3d 825, 825-26 (La. 2020) (Johnson, C.J., dissenting). The available materials suggest that the specific content of the affidavit could affect whether Williams could make the required prima facie showing under § 2244(b)(2)(B). *See In re Swearingen*, 556 F.3d 344, 348, 349 (5th Cir. 2009). Also, assuming that a convincing claim of actual innocence could overcome § 2244(b)'s limits on filing a successive § 2254 application, *but see McQuiggin v. Perkins*, 569 U.S. 383, 396-97 & n.1 (2013), the substance of the affidavit may implicate whether Williams can make such a showing, *see Schlup v. Delo*, 513 U.S. 298, 329 (1995).
>
> According to Williams, his failure to file exhibits to support his motion is attributable to the confiscation of his legal materials by prison officials and the refusal of those officials to return his papers. He thus requests a stay of the proceedings until he has access to his legal work and can file the necessary exhibits. Because Williams's ability to make a sufficient showing of possible merit to warrant fuller exploration by the district court may be contingent on the substance of the affidavit, IT IS ORDERED that the motion to stay is GRANTED. The motion for authorization is HELD IN ABEYANCE until the stay is lifted.

*Id.* at Document: 00515873949 (5/24/21).

## II. Law and Analysis

Williams previously filed a § 2254 Petition challenging this specific armed robbery conviction, which was adjudicated on the merits. Under 28 U.S.C. § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . ." 28 U.S.C. § 2244.

In certain circumstances, successive claims are permitted, but only after obtaining authorization from the appropriate court of appeals. 28 U.S.C. §

5

2244(b)(3)(A). Williams has properly requested authorization from the Fifth Circuit, but authorization has not been granted at this time. Without authorization, this Court lacks jurisdiction.

### III. Conclusion

Because Williams's request for authorization to file a second or successive § 2254 petition is pending in the Fifth Circuit, IT IS RECOMMENDED that the Petition (ECF Nos. 1, 5) be DISMISSED WITHOUT PREJUDICE to refiling if Williams receives authorization.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Tuesday, July 20, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE